UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM J. MABIE, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | Case No. 4:15CV1603 ERW |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be denied and dismissed.

**Background**

On August 18, 2010, a jury found movant guilty of three counts of mailing threatening communications, in violation of 18 U.S.C. § 876(c), and one count of interstate communication of a threat, in violation of 18 U.S.C. § 875(c). *U.S. v. Mabie*, No. 4:09CR351 ERW (Mo.E.D. 2010). On November 10, 2010, movant was sentenced to 88 months' imprisonment.[1] *Id.* Movant appealed his conviction and sentence to the Eighth Circuit Court of Appeals, and the judgment and sentence were affirmed. *See U.S. v. Mabie*, No. 10-3526 (8th Cir. 2011).

---

[1] The term of imprisonment consisted of a term of 33 months on count one, a term of 33 months on count two, a term of 10 months on count three and a term of 12 months on count seven, all such terms to be served consecutively.

Movant filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on November 5, 2012. *Mabie v. U.S.*, No. 4:12CV2086 ERW (Mo.E.D. 2012). This Court denied the motion on July 26, 2013, and the United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability on January 23, 2014. *See Mabie v. U.S.,* No. 13-2909 (8th Cir. 2014).

On October 30, 2014, movant filed a petition in the Court of Appeals requesting permission to file a successive motion to vacate under § 2255. *See Mabie v. U.S.*, No. 14-3449 (8th Cir. 2014). In his petition, movant alleged that he had newly discovered evidence that warranted the filing of a new motion to vacate. The Eighth Circuit denied movant's request to file a successive petition on March 4, 2015. *Id.*

On August 21, 2015, movant filed a second petition in the Court of Appeals requesting permission to file a successive motion to vacate under § 2255. *See Mabie v. U.S.*, No. 15-2670 (8th Cir. 2015). In his petition, movant alleged that a recent decision by the United States Supreme Court effects his conviction and sentence. As of this date, the Eighth Circuit has not ruled on movant's petition.

**Motion to Vacate**

In the instant motion to vacate, movant appears to be seeking to file a successive motion to vacate pursuant to 28 U.S.C. § 2255(h)(2), which authorizes the filing of a successive claim involving "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[2] Absent certification from the United States

---

[2]There is no doubt that a judicial decision does not qualify as "newly discovered evidence" under 28 U.S.C. 2255(h)(1). *See, e.g., E.J.R.E. v. U.S.*, 453 F.3d 1094, 1098 (8th Cir. 2006) (rejecting an intervening change in law as insufficient to reset the statute of limitations period under AEDPA and declining to equitably toll the statute of limitations).

Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion shall be denied and dismissed.

Nonetheless, movant asserts that the gatekeeping provision of 28 U.S.C. § 2244(b)(3) is not applicable here because the claim being raised was not reasonably available during [his] initial habeas petition. As further explanation for his argument, movant asserts that his claim arises from the U.S. Supreme Court's holding in *Elonis v. United States*, 135 S.Ct. 2001 (2015), and thus should be timely under 28 U.S.C. § 2255(f)(3).

In *Elonis* the Supreme Court addressed 18 U.S.C. § 875(c)[3], which, itself, "does not specify any required mental state. 135 S.Ct. at 2009. *Elonis* reiterated that the "presumption in favor of a scienter requirement should apply to each of the statutory elements that criminalize otherwise innocent conduct. *Id.* at 2011. The Supreme Court held that "the crucial element separating legal innocence from wrongful conduct" necessitates a scienter requirement. *Id.* Thus, it is now the law that a conviction under § 875(c) requires evidence that a "defendant transmit[] a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat." *Elonis*, 135 S.Ct. at 2012.[4]

The Court recognizes that *Teague v. Lane*, 489 U.S. 288 (1989), does not bar the application of *Elonis* to movant's claim for relief. *Teague* applies when the Supreme Court announces a "new constitutional rule of criminal procedure," generally barring the application of such a rule to cases on collateral review. *Id.* at 310-311. The Supreme Court has made clear, however, that *Teague* does not apply in those cases in which the Supreme Court determines the

---

[3]Section 875(c) provides: "Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both."
[4]It appears that the Supreme Court explicitly left unanswered the question whether a defendant need act with purpose, knowledge or reckless disregard. *Elonis*, 135, S.Ct. at 2013-14.

meaning of a criminal statute enacted by Congress, because such a decision involves the substantive reach of a federal statute, not a new rule of criminal procedure. *See Bousley v. United States,* 523 U.S. 614 (1998).

Nonetheless, the Court believes that despite *Elonis*, movant's sworn admissions and the evidence presented in this Court still establish that he at least knowingly, if not intentionally, communicated a threat.[5] Movant manifested intent to threaten over a series of time by his actions, and through an escalation of his words and in the context of his communications. *See United States v. Floyd*, 458 F.3d 844, 849 (8th Cir. 2006) (noting that communications must be viewed in "textual context and also in the context of the totality of the circumstances in which the communication was made").

Movant's August 4, 2008, telephone conversation with Sergeant Brooks followed a series of phone calls and messages to Lieutenant Deeba that had escalated in tone and hostility. Movant suggested that he knew where Lieutenant Deeba lived even though Lieutenant Deeba's home address was unlisted, made references to Lieutenant Deeba's wife by name, and suggested that he wanted to engage Lieutenant Deeba in a "gun fight" with a high-powered rifle. After movant's phone conversation with Sergeant Brooks, the Greenville Police Department searched Lieutenant Deeba's property, and Lieutenant Deeba instructed his wife and children on how to use firearms in the event that movant attacked them.

Movant acted with threats in his written communications as well. In his February 12, 2008, letter to Prosecutor McKinney, sent to his home address, years after movant was prosecuted by

---

[5] A statement is a threat if "it expresses an intention to inflict harm, loss, evil, injury or damage on another." *United States v. Jongewaard*, 567 F.3d 336, 340 (8th Cir. 2009). A communication – even one based on a contingency – that conveys an intent to injure another either in the present or in the future can also be a threat. *See United States v. Bellrichard*, 994 F.2d 1318, 1322-23 (8th Cir. 1993).

McKinney, movant accused McKinney of prosecutorial misconduct. In that same letter, movant demanded that McKinney admit to misconduct, and he concluded, "If I don't hear from you, I'll stop by some evening, so we can work toward justice." McKinney stated at trial that he perceived this statement as a threat, and he alerted the St. Louis County Police Department soon after reading the letter.

Further, movant sent a letter to Prosecutor Choi, at her new workplace in a different county several years after she prosecuted movant. Prosecutor Choi testified at trial that she perceived the letter as a threat, in part; because she was aware that movant was not "a stable individual." She shared his February 21, 2008 letter with several coworkers and notified security at her office to be mindful of movant. Choi also received two subsequent letters at her home address, one which was addressed to her husband and stated, "If Mary . . . makes things right, she may have a happy life, but if she does not, these lies will follow her forever, I AM ABSOLUTELY SURE IT WILL."

These communications show, without a doubt, that movant acted at least knowingly, if not intentionally, to communicate threats to the aforementioned individuals.

As such, even if this Court could authorize a second or successive motion pursuant to § 2255(h)(2), there does not appear to be a basis for doing so. But of course, as noted above, that decision must be up to the Eighth Circuit Court of Appeals. As the instant motion before the Court is a second or successive motion within the meaning of § 2244, the motion must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED and DISMISSED** as **SUCCESSIVE**.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 30th day of October, 2015.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE